The record of the Justice disclosed: "Now Sept. 13th Plft. J. B. Hemphill, appears after being duly sworn to being hurt. Doctor bill, loss of time, 7; breaking of his buggy, damages at $75.

On certiorari being excepted to:

"First. The Justice had no jurisdiction in the case. The case being triable only in the Court of Common Pleas of the County."

## OPINION.

WILSON, P. J. This was an action for consequential damages, hence an action on the case. A Justice of the Peace, would, therefore, have no jurisdiction.

Now, July 16th, 1901, the judgment of the Justice is reversed and set aside.

Reported by Lawrence M. Sebring, Esq.,
Beaver, Pa.

# McDonald and McDonald to Use, etc. v. the Central District and Printing Telegraph Company.

The record of the Justice must show that the summons has been served in accordance with the provisions of the Act of July 9, 1901.

### SERVICE OF SUMMONS.

No. 81, December Term, 1901, C. P. Beaver County, Certiorari to J. T. BELL, J. P., of Hanover township.

Buchanan and McConnell for The Central District and Printing Telegraph Co., Plaintiffs in Error.

The record of the Justice showed:

"Served personally on Wm. L. Long, agent for the company at New Sheffield, Pa., by making known to him the con-

McDonald & McDonald to use, etc. v. The Central District & Printing
Telegraph Company.

tents thereof and delivering to him a true and attested copy of the same, on oath of constable."

Excepted to as an insufficient service.

### ORDER.

Now January 11, 1902, the judgment of the Justice is reversed and set aside for the reason that the return of the service of the summons by the constable is inadequate under the Act of 1901.

Reported by Lawrence M. Sebring, Esq.,

Beaver, Pa.

# W. W. Morgan, Burgess for use of Borough v. Fred Fisher and Rosa Fisher.

A suit for the recovery of penalty under a borough ordinance, should be in the corporate name of the borough, and not in the name of the Burgess to the use of the borough.

Where a suit for the recovery of a penalty under a borough ordinance is brought in the name of the Burgess to the use of the borough, and before a Justice of the Peace who is also the Burgess, the fact that the Burgess is the nominal plaintiff in the suit would not prevent him from hearing the case in his capacity of Justice of the Peace.

The Act of June 4, 1897, providing a method of procedure for the collection of fines imposed by borough ordinances, is not in conflict with Article III, Sec. 3, of the Constitution of Pennsylvania which provides that one subject, clearly expressed in the title, shall be enacted in each bill.

Under the Act of June 4, 1897, all penalties recovered under borough ordinances should be paid to the borough treasurer.

An ordinance which provides that in default of the payment of a fine imposed by the ordinance, the offender may be imprisoned in the borough lock-up for a period longer than five days, is in violation of the Act of June 4, 1897.

BOROUGH ORDINANCES—BOROUGH TREASURER.

Certiorari to W. W. Morgan, J. P. of the Borough of Monaca, No. 59, September Term, 1902; C. P. Beaver Co.

The facts appear by the opinion of the Court.